McKinney, J.,
delivered the opinion of the court.
The defendant and one David H. Evans were jointly presented in the circuit court of Grainger, at the December term, 1849, for an affray.
To this presentment the defendant, Colvin, pleaded a former conviction, before William Colvin, a justice of the peace of said county of Grainger. The plea in substance alleges, that on the 22d day of December, 1849, one William Colvin, a justice of the peace in and for said county, issued his warrant for the apprehension of said defendant, which warrant is set forth in the plea, and that by virtue of said warrant he was duly arrested and brought before the said William Col-vin, justice as aforesaid, to answer said charge exhibited against him in said warrant for an affray; and that he then and there did submit and confess himself guilty of said affray as charged in said warrant. And thereupon said justice, after having duly sworn and examined the witnesses in the case, assessed a fine of two dollars against the defendant for said offence, together with the costs, which judgment for fine and costs, the defendant paid and satisfied, and was thereupon discharged.
To this plea the attorney general replied. The material allegations of the replication are, that the defendant was not arrested and brought before a justice to answer said charge *600 contained in said presentment: but that in fraud of the law, and by collusion, he procured a warrant to be issued “by his kinsman,” said William. Colvin, and acknowledged service of said warrant; and that said justice Colvin did not hear the evidence, and fined said defendant according to the aggravation of his offence.
To the foregoing replication, the defendant demurred; and on argument the demurrer was sustained, and the defendant discharged. The attorney general appealed in error to this court.
The only question for our determination is, whether the replication presents sufficient matter in avoidance of the plea, and we think it does. The brief experience we have had of the practical operation of the act of 1848, ch. 55, “for the punishment o f small offences,” sufficiently demonstrates, that, however salutary its provisions, if carried into effect according to their true intent and meaning, it is a law nevertheless, liable to be, and has been, not unfrequ ently, very grossly abused.
While the statute was designed to furnish a more easy, expeditious and less expensive mode for the punishment of ordinary misdemeanors, it was certainly never intended by its authors to abate, in the slightest degree, the rigor of the principles of criminal jurisprudence applicable to such cases, nor to impair the efficiency of their administration, much less to open a door to fraudulent and collusive evasions of the law. To make a conviction under this statute, a bar to a prosecution in the circuit court, it must appear that the case was properly within the authority and jurisdiction conferred upon the justice ; that the proceedings were fairly and legally conducted, and that all the material requirements of the statute were complied with, not colorably or collusively, but substantially and in good faith.
The offender cannot voluntarily appear before the justice and charge himself. And therefore it was held in The State vs. *601 Atkinson, 9 Hum. 677, that the plea of the defendant in that case was bad, for want of the averment that he had been brought before the justice by process regularly issued against him. Neither can he be permitted, by his own procurement, or by collusion with others, to have himself brought before the justice, even under color of legal process. To tolerate this would be mere mockery of the administration of the law. It has also been held in the case of The State vs. Spencer, (10th Humphreys 431) that to constitute a good plea, it must be distinctly averred that the justice heard the evidence, as required by the statute.
The replication in this case, substantially alleges, that the-proceedings before the justice were fraudulent and collusive, and were instituted by the procurement of the defendant. It further alleges, that the justice did not hear the evidence in the case. And we hold, that if both, or either, of these allegations shall be sustained by the proof, the proceedings before the justice will be treated as a nullity, and, of course, as no bar to this indictment.
The judgment will be reversed, the demurrer overruled, and case be remanded